IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GREG CIMA, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 4:05-cv-4127-JPG |
| ) | |
| WELLPOINT HEALTH NETWORKS, INC., ) et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER**

This matter is before the Court on the Motion to Continue Enforcement of Protective Order filed by the Defendants, Wellpoint Health Networks, Inc. and UniCare Illinois Services, Inc., on September 22, 2005 (Doc. 36), the Combined Motion to Enforce the Protective Order and Lift the Seal on Documents Designated Confidential and Vacate the State Court TRO filed by the Plaintiffs on October 26, 2005 (Doc. 48), the Motion for Scheduling and Discovery Conference filed by the Plaintiffs on March 17, 2006 (Doc. 61), the Motion to Preserve all Documents filed by the Plaintiff on March 17, 2006 (Doc. 62), and the Motion for Protective Order and to Stay Discovery filed by the Defendants on March 21, 2006 (Doc. 66).

For the reasons set forth below the Motion to Continue Enforcement of Protective Order is **GRANTED IN PART**, the Combined Motion to Enforce the Protective Order and Lift the Seal on Documents Designated Confidential and Vacate the State Court TRO is **DENIED WITH PREJUDICE IN PART and DENIED WITHOUT PREJUDICE IN PART**, the Motion for Scheduling and Discovery Conference is **DENIED WITHOUT PREJUDICE**, Motion to Preserve all Documents is **DENIED**, and the Motion for Protective Order and to Stay Discovery is **GRANTED**.

**BACKGROUND**

This proposed class-action was removed from Jefferson County Circuit Court on June 28, 2005. The allegations in the complaint, which is filed under seal, are not relevant to the pending motions and will not be repeated here.

Prior to filing this lawsuit in state court, the parties entered into a June 29, 2004 confidentiality agreement (attached as Exhibit B to Motion #36) related to settlement negotiations. The Defendants contend that the Plaintiffs breached this agreement by filing certain documents covered by the confidentiality agreement with their complaint filed in state court (Doc. 2 – which was filed under seal originally by the Plaintiffs in state court and by the Defendants upon removal) and by failing to return or destroy confidential material. In light of this perceived breach, the Defendants filed a complaint in state court, on September 21, 2005, for breach of contract and conversion and petitioned the state courts for injunctive relief (Mtn #36, Ex. C). On September 29, 2005, Circuit Judge Terry H. Gamber entered a temporary restraining order which ordered, among other things, that the Plaintiffs return or destroy documents covered by the confidentiality agreement. Apparently dismayed by the state court's ruling, the Plaintiffs attempted to remove the proceedings before Judge Gamber to the District Court on October 14, 2005. This case was docketed as *Unicare Illinois Services, Inc., et al. v. Krislov & Associates, Ltd., et al.,* 4:05-cv-4195-JPG. However, on February 24, 2006, the case was remanded back to state court by District Judge J. Phil Gilbert. Judge Gilbert held, among other things, that the Court lacked original jurisdiction of any of the claims asserted by the Plaintiff (who is a Defendant in this case) even though they may, ultimately, effect discovery in this case.

In addition to the confidentiality agreement, the parties also are subject to a protective

order.  This ten page protective order was entered on August 26, 2004 by Circuit Judge George W. Timberlake in the Jefferson County Circuit Court case *Greg Cima, et al. v. Unicare Illinois Service, Inc. and Wellpoint Health Networks, Inc.,* 03-L-20 (Mtn #36 Ex. E) (hereinafter "state court case").  Thereafter, the Plaintiffs' claims in the state court case were dismissed (on May 23, 2005) and the Plaintiffs filed an amended complaint on June 3, 2005 which has been removed to this Court (Notice of Removal, Doc. #1, p. 2).

In addition to the pending motions discussed herein, there are pending motions to dismiss to which the Plaintiffs recently, on March 30, 2006, filed responses.  No track has been set in this case and no scheduling order has been entered.  Each motion will be dealt with in turn.

## DISCUSSION

**Motion to Continue Enforcement of Protective Order (Doc. 36)**

In this motion, the Defendants appear to seek a stay of any ruling by the Court on any issue that may arise regarding documents that may be covered by the protective order.  The Defendants indicate that any potential issues may be resolved by state court litigation concerning the confidentiality agreement.

As the parties agree, "the state court orders issued prior to removal are not conclusive but remain binding until they are set aside."  Payne for Hicks v. Churchich, 161 F.3d 1030, 1037-1038 (7th Cir. 1998) (citing 28 U.S.C. §1450 and Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers Local No. 70, 415 U.S. 423, 436 (1974)).  No order has been entered by this Court that would vacate the protective order; therefore, it remains in full force and effect.  As such, the parties are obligated to comply with the terms of the protective order in discovery and in filing documents with the Court.  Therefore, to the extent that the Defendant

seeks confirmation that the protective order remains in force, this motion is **GRANTED**.

However, the Defendants also seek an abeyance of a ruling on any issue that may arise as a result of the protective order or, in the alternative, permission to confer. This issue will be addressed below.

**Combined Motion to Enforce the Protective Order
and Lift the Seal on Documents Designated Confidential
and Vacate the State Court TRO (Doc. 48)**

In this motion, the Plaintiffs seek to unseal the complaint (and documents attached thereto) and seek an order that would vacate the state court's temporary restraining order. As to the second request, the Plaintiffs offer no case authority that would grant this Court jurisdiction to interfere in a state court matter. Pursuant to Judge Gilbert's order, this Court has no jurisdiction to grant the relief that the Plaintiff requests. In addition, notwithstanding the Plaintiffs' reference to Federal Rule of Civil Procedure 60, the state court order is not an order or judgment of this Court such that the Federal Rules would apply. Therefore, this portion of the motion is **DENIED WITH PREJUDICE**.

The Plaintiff's first request, the unsealing of the complaint, is related to the Defendants' request to hold in abeyance any issues regarding applicability of the protective order. The sealed evidence that has been provided in this case are attached to the complaint and the Plaintiffs' recently filed response to the motion to dismiss. On the one hand, these documents may be covered by the confidentiality agreement that is currently pending before the state courts. On the other hand, notwithstanding the applicability of the confidentiality agreement, the documents may or may not also be covered by the protective order. The Plaintiffs are asserting that because the Defendants have not complied with the procedures listed in the protective order, they cannot

4

now assert that the protective order applies to any documents filed in this case.  Thus, the Plaintiffs seek an order enforcing the provisions of the protective order.  The Defendants, however, seek a stay of the provisions in the protective order until a ruling is issued by the state court on the confidentiality agreement.

By the terms of the protective order, if a party objects to the designation of a document as confidential it must state its objection in writing and "make a good faith effort to resolve the dispute with counsel for the party designating the document" (Doc. 36, Ex. E, p. 6).  Thereafter, the opposing party, if it still wishes to maintain the confidentiality of a document, must, within thirty days of the objection, "either move the Court for an Order determining the confidentiality of such documents or reach agreement as to the objection" (Doc. 36, Ex. E, p. 6).

On August 22, 2005, Plaintiffs' attorney, Clinton A. Krislov, sent a letter to Defense counsel, Gary M. Smith, asserting that the Plaintiffs believed that no document attached to the complaint is governed by a "confidentiality agreement" (Doc. 36, Ex. A, p. 1).  No mention is made of the protective order.[1]  However, an August 24, 2005 letter from Krislov to Smith invokes the protective order and states that the Plaintiffs believe that no documents attached to the complaint are subject to the order.  In addition, Krislov states:

> While I am available to discuss whatever confidentiality you think might adhere to the Complaint, or any exhibit attached to it, the protection of these documents will end unless you successfully move within thirty days from August 23, 2005.

(Doc. 36, Ex. A, p. 3)

---

[1] As there are two documents that may have applied to the evidence, the confidentiality agreement and the protective order, and as the Plaintiffs refer to the confidentiality agreement, the August 22, 2005 letter does not fairly invoke the procedures outlined in the protective order.

Thereafter, on September 22, 2005, exactly 30 days after August 23, 2005, the Defendant filed the motion to stay application of the protective order.

As the protective order is now an order of this Court, this Court has broad discretion in interpreting the order.  See Southworth v. Board of Regents of University of Wisconsin System, 376 F.3df 757, 766 (7th Cir. 2004) (noting that the Court of Appeals resolution of such an issue is "guided by the broad deference given to a district court in its interpretation of its own orders. 'That court is in a best position to interpret its own orders.'" (citation omitted)).  This deference is coupled with the discretion that this Court enjoys over discovery matters.  See Central States, Southeast and Southwest Areas Pension Fund v. Phencorp Reinsurance Company, Inc., 440 F.3d 870, 875 (7th Cir. 2006).  The protective order, and indeed the Federal Rules of Civil Procedure, require the parties to make a good faith effort to confer and resolves disputes prior to bringing the matter before the Court.  It appears from the Parties correspondence that the Plaintiffs placed the onus of conferring on the Defendants – that is, the Plaintiffs appear to state that *if* the Defendants wish to confer, the Defendants must call the Plaintiffs.  This is insufficient under the good faith standard.  The initial burden of attempting to confer is placed on the Plaintiffs by the protective order.  Merely sending one letter to the Defendants is not a good faith effort.

Therefore, the parties are **ORDERED** to confer, in good faith, regarding the documents attached to the complaint (and any other documents) that the parties believe (or do not believe) are covered by the protective order.  If the parties cannot agree as to which documents are covered, an in-person hearing will be set on the matter.  Prior to any such hearing, the parties shall be prepared to provide the Court with the documents in dispute and shall outline, in writing, why (or not) they believe that *each document* is governed by the protective order.  The Court

reminds the parties that no document should be sealed unless governed by the protective order. As such, if any documents filed in this case, including the complaint and the documents attached thereto, are not governed by the protective order, they will be unsealed. Finally, the Court will take up the issue of whether documents, that are not covered by the protective order, are arguably subject to the confidentiality agreement or any order of the state court, at the hearing (if necessary).

In light of the above, the Plaintiffs' motion to unseal the complaint is **DENIED WITHOUT PREJUDICE** and the Defendants' motion, in the alternative, for an order allowing the parties to confer is **GRANTED**. The parties **SHALL** confer by **May 21, 2006**. If the parties are unable to reach an agreement, they may file a motion for a hearing on the matter. In addition, the Defendants are **ORDERED** to keep this Court apprised of the state court proceedings and to timely inform this Court once (and if) a permanent injunction has been issued or a judgment has been rendered.

**Motion for Scheduling and Discovery Conference (Doc. 61) and**
**Motion for Protective Order and to Stay Discovery (Doc. 66).**

Pursuant to Local Rule 16.1, each case filed in this District is assigned a track with a presumptive trial month. All dates assigned to a case and outlined in a scheduling order are contingent upon the presumptive trial month. It is the policy of this Court that a scheduling conference is not set until a track has been set. As no track has been set in this case, and no scheduling conference has been set, the parties are not currently obliged to hold a Rule 26(f) conference. Pursuant to Rule 26(d), then, no discovery, including initial disclosure, shall commence until a scheduling conference has been set.

In any event, there currently is pending a motion to dismiss. A ruling on that motion will

necessarily result in greater certainty of what claims remain pending. It would be wasteful for the parties to engage in extensive discovery prior to a ruling on the motion.[2]

**Motion to Preserve all Documents (Doc. 62)**

In this final motion, the Plaintiff seeks to "preserve" documents filed in this case and other documents not filed but produced during settlement negotiations. The Plaintiffs point to no Federal Rule of Civil Procedure or case authority that would allow for the relief that they request. Indeed, the Plaintiffs appear to seek the same relief that is advocated in their motion to vacate the state court TRO (Doc. 48): that is, an order from this Court that would overturn the state court's directive to return or destroy material produced during settlement and mediation proceedings. That matter already has been resolved by Judge Gilbert. In addition, as noted above, discovery in this case has not commenced. Notwithstanding the statements made by attorney Harvey in the motion (which are not evidence), there has been no showing that the Defendants are engaged in destroying or otherwise failing to produce any relevant material in this case. If, after discovery has commenced, the Plaintiffs wish to file a motion to prevent the spoilation of evidence, they may do so with appropriate citation to the Federal Rules or case authority.

CONCLUSION

For the reasons set forth above, the Motion to Continue Enforcement of Protective Order filed by the Defendants, Wellpoint Health Networks, Inc. and UniCare Illinois Services, Inc., on September 22, 2005 is **GRANTED IN PART** (Doc. 36), the Combined Motion to Enforce the

---

[2] This Court not commenting on the potential outcome of the motion to dismiss that is currently pending before Judge Gilbert.

Protective Order and Lift the Seal on Documents Designated Confidential and Vacate the State Court TRO filed by the Plaintiffs on October 26, 2005 is **DENIED WITH PREJUDICE IN PART and DENIED WITHOUT PREJUDICE IN PART** (Doc. 48), the Motion for Scheduling and Discovery Conference filed by the Plaintiffs on March 17, 2006 is **DENIED WITHOUT PREJUDICE** (Doc. 61), the Motion to Preserve all Documents filed by the Plaintiff on March 17, 2006 is **DENIED WITH PREJUDICE** (Doc. 62), and the Motion for Protective Order and to Stay Discovery filed by the Defendants on March 21, 2006 is **GRANTED** (Doc. 66).

The parties shall confer with respect to the documents that may or may not be governed by the protective order by May 21, 2006.  The Defendants shall update this Court on any significant proceedings before the state court regarding the confidentiality agreement.  And, a scheduling conference shall be set once this case has been tracked.

**DATED: April 20, 2006**

                                                                     **s/ Donald G. Wilkerson**
                                                                     **DONALD G. WILKERSON**
                                                                     **United States Magistrate Judge**