UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GREG CIMA, et al., <br><br> Plaintiffs, <br><br> v. <br><br> WELLPOINT HEALTHCARE NETWORKS, Inc., et al., <br><br> Defendants. | Case No. 05-cv-4127-JPG |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This matter comes before the Court on defendants' appeal of Magistrate Judge Wilkerson's Order granting in part and denying in part defendants' motion to strike complaint exhibits and references thereto (Doc. 106). Defendants filed a memorandum in support of their appeal (Doc. 109), plaintiffs responded (Doc. 111), and defendants replied to their response (Doc. 115). The Court heard oral argument on the appeal on March 30, 2007. Having considered the record and the parties' arguments, the Court is now prepared to rule.

**I.      Standard of Review**

Southern District of Illinois Local Rule 73.1(a) sets forth the standard of review for an appeal of a Magistrate Judge's order on a non-dispositive matter. It provides as follows: "A District Judge of the Court shall reconsider the matter and shall set aside any portion of the Magistrate Judge's order found to be clearly erroneous or contrary to law. The District Judge may also reconsider *sua sponte* any matter determined by a Magistrate Judge under this rule."

**II.     Background**

This litigation began its fourth year on March 21, 2007. Plaintiffs originally filed suit in

state court, but defendants removed it to federal court on June 28, 2005 after plaintiffs filed an amended complaint. On February 3, 2006, this Court denied plaintiffs' motion to remand, finding defendants properly removed the case under the Class Action Fairness Act of 2005, Pub.L. 109-2, 119 Stat. 4 (codified in scattered sections of 28 U.S.C.).

While this action was in state court, the parties engaged in mediation. Defendants provided certain documents to plaintiffs in the course of the mediation (Mediation Documents), which, pursuant to a confidentiality agreement (Agreement), plaintiffs and their counsel agreed to use solely for purposes of mediation. Under the Agreement, plaintiffs and their attorneys agreed not to disclose any "Confidential Business Information"[1] for any purpose other than settlement. Plaintiffs also agreed to return the Mediation Documents after the mediation concluded. (Doc. 109, Ex. 3 at 1).

On August 26, 2004, the state court entered an agreed protective order (Protective Order) governing confidential information disclosed during discovery. On April 20, 2006, Judge Wilkerson held that the Protective Order remains in effect in this case. (Doc. 79).

Plaintiffs attached two bound volumes of exhibits to their amended complaint, which, along with the complaint, they filed under seal. These exhibits contain, according to defendants, confidential information covered by both the Agreement and Protective Order.

On September 21, 2005, Unicare Illinois Services, Inc. (Unicare), one of the defendants in this case, filed a separate action in state court (the TRO Litigation) against the original plaintiffs in this case (Greg Cima, Diana Peek and Linda McMahon), their attorneys (Clinton

---

[1] The Agreement defined Confidential Business Information as "any information . . . related to the business of WellPoint or Unicare furnished by WellPoint or Unicare to Plaintiffs or their counsel in the course of mediation or any settlement discussions. . . ." (Doc. 109, Ex. 3 at 1).

Krislov and Jeffrey Friedman), and their attorneys' law firms (Krislov & Associates, Ltd. and The Law Offices of Jeffrey Friedman, P.C.) (collectively, the Cima Group) asserting claims for breach of contract and conversion. Essentially, Unicare claimed the Cima Group violated the Agreement by failing to return the Mediation Documents and attaching them to the amended complaint in this case. Among other things, Unicare sought a TRO requiring the Cima Group to return the Mediation Documents. The next day, defendants filed a motion to enforce the Protective Order in this case and asked this Court to defer ruling until after the state court ruled on Unicare's request for the TRO.

On September 29, 2005, the state court entered a TRO directing the Cima Group to return the Mediation Documents, destroy all electronic reproductions of the Mediation Documents, and file affidavits attesting to the return and destruction of these documents. The court also stated, in a provision of the order written by hand and initialed by Judge Gamber, that the Agreement "was <u>not</u> superceded by the Protective Order." (Doc. 109, Ex. 1 at 3). Sometime after the entry of the TRO, Unicare filed a petition for a show cause hearing, in which it asked the court to hold the Cima Group in contempt for failing to comply with the TRO. In this pleading, Unicare claimed the Cima Group returned only 125 pages of the requested 4,000 documents and failed to provide the required affidavits. One day after Unicare filed this petition, the Cima Group removed the TRO Litigation to this Court. The Court remanded the TRO Litigation on February 24, 2006.

In his April 20, 2006 Order, Judge Wilkerson denied plaintiffs' request to vacate the state court TRO, ordered the parties to meet to resolve their disputes over the documents attached to the amended complaint, and denied plaintiffs' motion to unseal the complaint. (*Id.*).

Defendants filed their motion to strike complaint Exhibits 8, 9, 11, 12, 13, 15, 16, 24, 25, 26, 27, 28, 29, and 48, on August 14, 2006. (Doc. 92). Pursuant to Rule 12(f), defendants asked

Judge Wilkerson to strike these exhibits (and the references to them in the amended complaint), claiming they contain confidential information protected by both the Agreement and Protective Order.  *See Whitehead v. Gateway Chevrolet*, No. 03-C-5684, 2004 WL 316413, at *4 (N.D. Ill. Feb. 2, 2004); *Johnson v. Am. Online, Inc.*, 280 F.Supp.2d 1018, 1027 (N.D. Cal. 2003); *Mitchell Health Techs. v. Naturewell, Inc.*, Case No. 02-C-0439-C, 2003 WL 23200260, at *3 (W.D. Wisc. Mar. 10, 2003).

In their response, plaintiffs argued that the documents are not confidential and that defendants waived their right to complain of the use of these documents in a variety of ways. (Doc. 97).  Specifically, they claimed defendants waived their right to a remedy under Rule 12(f) by failing to move within the 20-day period contemplated in the Rule, failing to include their Rule 12(f) objections in their previously filed 12(b)(6) motion, and by not objecting to the use of these documents during depositions, oral argument and motions.

Judge Wilkerson heard oral argument on the motion on September 13, 2006, and issued a written order granting the motion in part and denying it in part on January 5, 2007.

### III.     Judge Wilkerson's Order

Judge Wilkerson concluded that the Protective Order covered Exhibit 48 and struck that exhibit from the record on the authority of *Whitehead v. Gateway Chevrolet*. 2004 WL 316413, at *4.  He declined to strike the remaining documents on his finding that they do not contain confidential information.  Though he found that these documents are covered by the Agreement (but not the Protective Order), relying on *Union Oil Co. of Cal. v. Leavell*, 220 F.3d 562, 567 (7th Cir. 2000), he concluded that the parties' private agreement on confidentiality is not a sufficient basis for restricting these documents from public view.  Judge Wilkerson used this conclusion as the basis for denying the motion to strike.  He did not address plaintiffs' waiver

arguments.

Defendants contend that Judge Wilkerson clearly erred when he applied the "good cause" standard from *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 944-45 (7th Cir. 1999), to the exhibits he declined to strike. They think he treated their motion as a motion to file documents under seal, rather than a motion to strike, and therefore applied an incorrect standard.

**IV.     Analysis**

After reviewing Judge Wilkerson's order, the Court is unable to tell whether he applied the appropriate standard. This has no practical effect, however, because the Court finds that defendants waived their right to move to have the exhibits stricken.

Rule 12(f) provides as follows:

Upon motion made by a party before responding to a pleading or, if no responsive pleading is permitted by these rules, upon motion made by a party within 20 days after the service of the pleading upon the party or upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.

Plaintiffs' first waiver argument finds strong support on the face of Rule 12(f). Defendants did not file their motion to strike until August 14, 2006 – 412 days after removal, 390 days after filing their motion to dismiss, and 178 days after filing their answer. Thus, they blew the 20-day requirement *and* the file-before-the-responsive-pleading requirement. The Seventh Circuit has suggested, however, that the "upon the court's own initiative at any time" language in Rule 12(f) makes it appropriate for a court to rule on an untimely 12(f) motion. *See Williams v. Jader Fuel Co.*, 944 F.2d 1388, 1399-1400 (7th Cir. 1991) (collecting cases). While this case suggested that a court may consider an untimely motion in its discretion, the Court is hesitant to affirm Judge Wilkerson's order on this ground alone.

Plaintiffs' second and third waiver arguments are more persuasive. Rule 12(g) states, "If a party makes a motion under this rule but omits therefrom any defense or objection then available to the party which this rule permits to be raised by motion, the party shall not thereafter make a motion based on the defense or objection so omitted." Defendants make a reasonable textual argument against the application of 12(g) to 12(f). They contend that it would render the phrase "at any time" unnecessary. Notably, however, they have failed to cite a case where a court has adopted this reading of the two rules. In the Court's view, the application of 12(g) to 12(f) does not render the phrase " at any time" redundant because it refers directly to a court's power to strike on its own initiative, rather than the period during which a party may file a motion to strike. Indeed, if defendants' position were correct, the timing requirements in the first part of the rule would be meaningless. Though there is little case law on the subject, the authorities the Court has found support the position that 12(g) applies to motions under 12(f). *See FRA S.p.A. v. Surg-O-Flex of Am., Inc.*, 415 F.Supp. 421, 427-28 (S.D.N.Y 1976); *see generally* 2 MOORE'S FEDERAL PRACTICE, JAMES WM. MOORE ET AL. ¶12.21 (3d ed.) ("Rule 12(g)'s consolidation requirement applies not only to Rule 12(b) defenses, but also to a motion for more definite statement under Rule 12(e) and to a motion to strike under Rule 12(f)."); 5C CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1386 n.2 (suggesting in a footnote, on the authority of *Ayers v. Conser*, 26 F.Supp. 95, 96 (D. Tenn. 1938), that 12(g) applies to 12(f)).

Importantly, defendants have not seriously contested plaintiffs' assertion that they used the disputed exhibits in a number of ways during the course of this litigation. By using these exhibits and not raising their objections to the exhibits in their first Rule 12 motion, defendants waived their right to have the exhibits stricken. Several other considerations strongly support

this result.

Courts in this Circuit disfavor motions to strike because parties often use them solely to cause delay. *See, e.g., Heller v. Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989); *see also Lipsky v. Commonwealth United Corp.*, 551 F.2d 887, 893 (2d Cir. 1976) (discussing Rule 12(f) and stating that "courts should not tamper with the pleadings unless there is a strong reason for so doing."). For this reason, this Court and others have held that a party must show prejudice to succeed on a motion to strike. *See, e.g., Smith v. S. Ill. Riverboat/Casino Cruises Inc.*, No. 06-cv-4069, 2006 WL 2539756, at *1 (S.D. Ill. Aug. 30, 2006); *Mosley v. McDonald's Corp.*, No. 05-7290, 2006 WL 3541872, at *6 (N.D. Ill. Dec. 6, 2006); *Devore Family P'ship, LLP v. McDougal Littell*, No. 06-c-3484, 2006 WL 2861116, *2 (N.D. Ill. Sept. 26, 2006); *Hardin v. Am. Elec. Power*, 188 F.R.D. 509, 511 (S.D. Ind. 1999); *Cumis Ins. Soc'y, Inc. v. Peters*, 983 F.Supp. 787, 798 (N.D. Ill. 1997); *see also Talbot v. Robert Matthews Distrib. Co.*, 961 F.2d 654, 664 (7th Cir.1992).

Defendants have not offered a cogent explanation why the disputed documents are prejudicial. This failure likely stems from their inability to articulate why the information contained in the exhibits is confidential. In his Order, Judge Wilkerson found that the information in the exhibits is not confidential. While he seemed willing to accept the idea that defendants generated these documents for purposes of mediation – a proposition plaintiffs vehemently reject – he concluded, "the information would likely be suited for public view if ultimately produced in discovery." (Doc. 106 at 6). Implicitly then, he found that granting defendants' motion would be an empty exercise – the very reason why courts disfavor motions to strike. Defendants have not demonstrated that this conclusion was incorrect. If their characterization of the Cima Group's conduct in this case is accurate, defendants should be able

7

to obtain adequate relief in the state court or in a proceeding before the ARDC.  In this case, they have not demonstrated their entitlement to the relief they request.

In light of the rulings above, the Court finds that Judge Wilkerson's failure to consider plaintiffs' waiver argument with respect to Exhibit 48 was clearly erroneous.  Accordingly, it hereby sets aside his ruling on Exhibit 48.  The Court declines to reconsider Judge Wilkerson's ruling with respect to the remaining 13 documents.

Several days before the Court heard oral argument on defendants' appeal, the state court found the Cima Group in contempt for failing to comply with the terms of the TRO.  The judge ordered the Cima Group to return the Mediation Documents and ordered Attorney Krislov to try to retrieve the originals of the exhibits that plaintiffs attached to their amended complaint from this Court.  Krislov asked the Court to release these documents at oral argument.  The Court has found no authority supporting a demand of this kind.  Therefore, it declines to release these exhibits. Finally, the Court notes that at oral argument the parties reaffirmed their prior agreement that Exhibits 1-7, 10, 14, 17-23, and 30-47 should be unsealed.

V.   **Conclusion**

For the reasons set forth above, the Court **AFFIRMS IN PART AND SETS ASIDE IN PART** Judge Wilkerson's Order on defendants' motion to strike (Doc. 106).  The Court **DIRECTS** the Clerk of Court to unseal those Exhibits that remain sealed and to make Exhibit 48 part of the public record in this case.

**IT IS SO ORDERED.**
**DATED: April 6, 2007**

                                          s/ J. Phil Gilbert
                                          **J. PHIL GILBERT**
                                          **DISTRICT JUDGE**