UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

GREG CIMA, et al., individually and on
behalf of all others similarly situated,

   Plaintiffs,

   v.

WELLPOINT HEALTH NETWORKS,
INC., et al.,

   Defendants.

Case No. 05-cv-4127-JPG

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

  This matter comes before the Court on "Plaintiffs' Rule 56(f) Motion and Affidavit to Deny or Continue Defendants' Motion for Summary Judgment Pending Oral and Written Discovery" (Doc. 182). The Court has outlined the nature of the claims and the procedural history of this case in previous orders, *see, e.g., Cima v. Wellpoint Healthcare Networks, Inc.*, No. 05-CV-4127-JPG, 2006 WL 1914107 (S.D. Ill. July 11, 2006), and it is unnecessary to repeat that recitation in detail here. Accordingly, the Court merely will state a few salient aspects of this case that are pertinent to this Order. The plaintiffs, Greg Cima, Diana Peek, Linda McMahon, Mike Beard, Sharon Beard, John Beckwith, Jr, and Stephen Jellen, are former insureds of defendant RightCHOICE Insurance Company and/or its parent corporation defendant RightCHOICE Managed Care, Inc. (hereinafter, collectively, "RightCHOICE").[1] The plaintiffs allege that in 2001 defendant WellPoint Health Networks, Inc., ("WellPoint") acquired

---

1. At a status conference in this matter conducted on January 17, 2008, the plaintiffs' counsel advised the Court that Diana Peek has died. A motion to substitute Mrs. Peek's daughters as plaintiffs in her stead is pending in this cause before United States Magistrate Judge Donald G. Wilkerson.

RightCHOICE through a merger from which RightCHOICE emerged as a wholly-owned subsidiary of WellPoint. The plaintiffs contend that WellPoint acquired RightCHOICE for the purpose of causing the latter to withdraw from the Illinois insurance market, thereby forcing RightCHOICE insureds to convert to more expensive policies issued through defendants Unicare National Services, Inc., Unicare Illinois Services, Inc., and Unicare Health Insurance Company of the Midwest (hereinafter, collectively, "Unicare"), which are Illinois subsidiaries of WellPoint. The plaintiffs' operative complaint asserts claims for breach of contract and unfair trade practices in violation of the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), 815 ILCS 505/1-505/12.

The defendants have moved for summary judgment as to the plaintiffs' claim for breach of contract, which alleges that the withdrawal of RightCHOICE from the Illinois insurance market constitutes a breach of the renewability provisions of the plaintiffs' policies with RightCHOICE. WellPoint and Unicare contend that as non-signatories to the RightCHOICE policies they cannot be held liable for breach of the policies. Also, RightCHOICE contends that there was no breach of the policies because RightCHOICE's market withdrawal was proper under relevant policy terms, which incorporated provisions of the Illinois Health Insurance Portability and Accountability Act, 215 ILCS 97/1-97/99. In response to the defendants' request for partial summary judgment, the plaintiffs have moved pursuant to Rule 56(f) of the Federal Rules of Civil Procedure for time to conduct discovery aimed at showing that WellPoint was a de facto party to the plaintiffs' policies with RightCHOICE under the so-called "direct participant" doctrine. Having reviewed carefully the submissions of the parties and heard oral argument on the plaintiffs' Rule 56(f) motion, the Court now is prepared to rule.

In general, of course, a court may grant summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56 provides further, in pertinent part, "[i]f a party opposing the motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) deny the motion; (2) order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken; or (3) issue any other just order." Fed. R. Civ. P. 56(f). "A party seeking the protection of Rule 56(f) must make a good faith showing that it cannot respond to the movant's affidavits. The rule requires the filing of an affidavit stating the reasons for a claimant's inability to submit the necessary material to the court." *Kalis v. Colgate-Palmolive Co.*, 231 F.3d 1049, 1057 n.5 (7th Cir. 2000) (quoting *United States v. All Assets & Equip. of W. Side Bldg. Corp.*, 58 F.3d 1181, 1190 (7th Cir. 1995)). "Rule 56(f) is not a shield that can be raised to block a motion for summary judgment without even the slightest showing by the opposing party that his opposition is meritorious. A party invoking its protections must do so in good faith by affirmatively demonstrating . . . how postponement of a ruling on the motion will enable him, by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact." *Korf v. Ball State Univ.*, 726 F.2d 1222, 1230 (7th Cir. 1984) (quoting *Lamb's Patio Theatre, Inc. v. Universal Film Exchs., Inc.*, 582 F.2d 1068, 1071 (7th Cir. 1978)). In other words, Rule 56(f) requires a party opposing summary judgment to do more than request a "fishing expedition" in the hope of finding evidence sufficient to establish the existence of a genuine issue of material fact. *Davis v. G.N. Mortgage Corp.*, 396 F.3d 869, 885 (7th Cir. 2005). The decision to grant or deny discovery

pursuant to Rule 56(f) is committed to a court's discretion. *See Becker v. IRS*, 34 F.3d 398, 406 (7th Cir. 1994).

Under Illinois law, as a general rule a non-party to a contract cannot be liable for a breach of the contract, *see Credit Gen. Ins. Co. v. Midwest Indem. Corp.*, 916 F. Supp. 766, 772 (N.D. Ill. 1996); *Santella v. Grishaber*, 672 F. Supp. 321, 328 (N.D. Ill. 1987); *Meeker v. Gray*, 492 N.E.2d 508, 515 (Ill. App. Ct. 1986), just as a corporation normally is not liable for the acts of affiliated corporations. *See Van Dorn Co. v. Future Chem. & Oil Corp.*, 753 F.2d 565, 569 (7th Cir. 1985) (citing *Main Bank of Chicago v. Baker*, 427 N.E.2d 94 (Ill. 1981)); *Polites v. U.S. Bank Nat'l Ass'n*, 836 N.E.2d 133, 137 (Ill. App. Ct. 2005). In this instance, as noted, the plaintiffs argue that discovery pursuant to Rule 56(f) will disclose evidence tending to show that WellPoint, although not a signatory to the plaintiffs' policies with RightCHOICE, nonetheless is a de facto party to the contracts pursuant to the direct participant doctrine. That doctrine holds that a corporation may be held liable for the acts of affiliates if an alleged wrong can be traced to that corporation "through the conduit of its own personnel and management" and the corporation exerted control over affiliates "in a way that surpasses the control exercised by a parent as an incident of ownership." *Forsythe v. Clark USA, Inc.*, 836 N.E.2d 850, 854 (Ill. App. Ct. 2005). "[T]he key elements" in imposing liability on a corporation under the direct participant doctrine are the corporation's "specific direction or authorization of the manner in which an activity is undertaken and foreseeability." *Santora v. Starwood Hotel & Resorts Worldwide, Inc.*, No. 05 C 6391, 2007 WL 3037098, at *6 (N.D. Ill. Oct. 16, 2007) (applying Illinois law). Thus, if a corporation specifically directs an activity where injury is foreseeable, or if it mandates an overall course of action and then authorizes the manner in which specific activities contributing to that

4

course of action are undertaken, the corporation can be liable for foreseeable injuries. *See id*.
The test focuses on the degree to which a corporation used its ownership interest in another corporation to "command rather than merely cajole" the latter. *Esmark, Inc. v. NLRB*, 887 F.2d 739, 757 (7th Cir. 1989).

As the defendants point out, there is no authority from any Illinois state court employing the direct participant doctrine to make a corporation that is not a signatory to a contract a de facto party to the contract. The plaintiffs concede this, but argue that the application of the doctrine is transaction-specific and does not depend on whether an action sounds in tort or contract. *See Esmark, Inc.*, 887 F.2d at 755-56. Although the question is perhaps a close one, the Court believes that the defendants have the better of the argument. It is the case, of course, that under Illinois law the same set of facts can support claims under both contract and tort principles. *See Knox Coll. v. Celotex Corp.*, 430 N.E.2d 976, 982 (Ill. 1981); *Sabath v. Mansfield*, 377 N.E.2d 161, 167 (Ill. App. Ct. 1979); *Stanley v. Chastek*, 180 N.E.2d 512, 519 (Ill. App. Ct. 1962). In general, however, claims sounding in contract arise from the duties imposed by a contract, whereas claims arising from breaches of duties imposed by law sound in tort. "[W]here a party advances a breach of a duty that arises by operation of the law, the action is no longer contractual in nature, but delictual. Stated otherwise, a claim for a breach of a legal duty, as opposed to a breach of a contractual promise, is in essence an action *ex delicto*." *Armstrong v. Guigler*, 673 N.E.2d 290, 295 (Ill. 1996). The United States Court of Appeals for the Seventh Circuit has instructed that "[l]iability for breach of a duty imposed by statute or case law and not by contract is in tort." *FDIC v. Citizens Bank & Trust Co. of Park Ridge, Ill.*, 592 F.2d 364, 369 (7th Cir. 1979). *See also FDIC v. Greenwood*, 739 F. Supp. 450, 452-53 (C.D. Ill. 1989) (in a case in

which the FDIC sued the officers and directors of a bank for allegedly breaching their duties of due care and diligence by committing various negligent acts and omissions, holding that the action sounded in tort). The Court fails to see why, in this case, the plaintiffs' allegations that WellPoint violated duties imposed by law rather than contract by interfering in contracts between the plaintiffs and affiliated corporations do not sound in tort. Accordingly, the Court sees no merit in the plaintiffs' theory of direct participant liability for breach of contract.

In concluding that the plaintiffs may not assert a claim for breach of contract against WellPoint based on a theory of direct participant liability, the Court is mindful, of course, of the Seventh Circuit Court of Appeals' numerous admonitions that, in applying state law, federal courts are to be conservative, not innovative. It is axiomatic that, in cases in federal court in which, as here, state law, furnishes the rule of decision, the federal court must apply the substantive law of the forum state as the court believes the highest court of the state would apply it. *See, e.g., Association Benefit Servs., Inc. v. Caremark RX, Inc.*, 493 F.3d 841, 849 (7th Cir. 2007) (citing *State Farm Mut. Auto. Ins. Co. v. Pate*, 275 F.3d 666, 669 (7th Cir. 2001)). This power to apply state law is a limited one, however, and federal courts should not "speculate on any trends in state law." *Shaw v Republic Drill Corp.*, 810 F2d 149, 150 (7th Cir. 1987). "Respect for state courts as the primary expositors of state law counsels restraint by federal court in announcing new state law principles[.]" *Gust K. Newberg Constr. Co. v. E.H. Crump & Co.*, 818 F.2d 1363, 1368 (7th Cir. 1987). Correspondingly, "[i]t is not [the] province [of] a federal . . . court to fashion for Illinois what we are certain many would say was a wise and progressive social policy," *Loucks v. Star City Glass Co.*, 551 F.2d 745, 746 (7th Cir. 1977), just as "federal court is not the place to press innovative theories of

6

state law." *Anderson v. Marathon Petroleum Co.*, 801 F.2d 936, 942 (7th Cir. 1986). In general, plaintiffs asserting novel theories of state law "must come forward with some authority to support their view that they have a right to the relief they seek," given that federal courts "have . . . limited discretion . . . with respect to untested legal theories brought under the rubric of state law." *Pisciotta v. Old Nat'l Bancorp*, 499 F.3d 629, 635 (7th Cir. 2007) (emphasis omitted). Moreover, a federal court should "not anticipate changes to state law in the absence of concrete evidence that the state court would adopt that position today," *Hollander v. Brown*, 457 F.3d 688, 692 (7th Cir. 2006), and when the court is "faced with opposing plausible interpretations of state law," the court should "choose the narrower interpretation which restricts liability, rather than the more expansive interpretation which creates substantially more liability." *Birchler v. Gehl Co.*, 88 F.3d 518, 521 (7th Cir. 1996).

In this instance, as discussed above, the Court believes that a plausible interpretation of Illinois law is that the direct participant doctrine does not authorize the imposition of liability for breach of contract on WellPoint in this case, and the plaintiffs have produced no state-court authority or other concrete evidence to support their position that it does. The extension of the doctrine proposed by the plaintiffs is particularly unwarranted in view of the fact that, as the Court already has held, the ICFA's prohibition of unfair trade practices potentially can provide the plaintiffs with a remedy for the injuries alleged in their operative complaint in this cause. *See Railway Express Agency, Inc. v. Super Scale Models, Ltd.*, 934 F.2d 135, 137-38 (7th Cir. 1991) (a district court properly refused to speculate as to whether the courts of New York and Wisconsin would adopt Restatement (Second) of Torts § 766A (1979) pertaining to intentional and improper interference with the performance of a contract, as courts in both states already

7

recognized a common-law tort of intentional interference with contract); *Cenco Inc. v. Seidman & Seidman*, 686 F.2d 449, 453 (7th Cir. 1982) (in light of the fact that Illinois recognizes a tort of civil conspiracy, declining to recognize a separate tort of aiding and abetting, as "[t]he only utility of a separate tort . . . would be to give plaintiffs' lawyers one more charge to fling at the jury in the hope that if enough charges are made the jury may accept at least one"; also, "creating a new Illinois tort is something for the Illinois courts or legislature to do rather than the federal courts."). The Court will leave the matter of whether the doctrine of direct participant liability should be extended to contract actions for resolution by the proper authority, the Illinois state courts.

To conclude, the plaintiffs have failed to show that the discovery they request pursuant to Rule 56(f) will yield evidence showing a genuine issue of material fact as to the liability of WellPoint for breach of contract. Accordingly, the plaintiffs' motion for leave to conduct discovery pursuant to Rule 56(f) (Doc. 182) is **DENIED**. The plaintiffs are **ORDERED** to file their response to the defendants' motion for partial summary judgment (Doc. 79) not later than **forty-five (45) days** from the date of entry of this Order.

**IT IS SO ORDERED.**
**DATED: March 18, 2008**

                                                    **s/ J. Phil Gilbert**
                                                    **J. PHIL GILBERT**
                                                    **DISTRICT JUDGE**