UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GREG CIMA, et al., individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WELLPOINT HEALTH NETWORKS, INC., et al.,<br><br>Defendants. | Case No. 05-cv-4127-JPG |

## MEMORANDUM AND ORDER

This matter comes before the Court on Plaintiffs's Motion for Reconsideration of the Court's Order Denying Class Certification (Doc. 197). Defendants have responded (Doc. 198) and Plaintiffs have replied (Doc. 202). For the following reasons, the Court DENIES the motion.

## BACKGROUND

As the Court has discussed in previous orders outlining the nature of the claims and the procedural history of this case, Plaintiffs are former holders of health insurance policies issued through defendant RightCHOICE Insurance Company and/or its parent corporation defendant RightCHOICE Managed Care, Inc. (hereinafter, collectively, "RightCHOICE"). Plaintiffs allege that in 2001 Defendant WellPoint Health Networks, Inc., ("WellPoint") acquired RightCHOICE through a merger from which RightCHOICE emerged as a wholly-owned subsidiary of WellPoint. Plaintiffs contend that, at the time WellPoint acquired RightCHOICE, WellPoint represented in a "Form A" filing with the Illinois Department of Insurance ("IDOI") that it had no plans to make material changes in RightCHOICE's business. However, in reality, WellPoint intended to cause, and did cause, RightCHOICE to withdraw from the Illinois insurance market.

As a result of the market withdrawal, RightCHOICE insureds were forced by WellPoint

to convert to more expensive policies issued through Defendants Unicare National Services, Inc., Unicare Illinois Services, Inc., and Unicare Health Insurance Company of the Midwest, (hereinafter, collectively, "Unicare") which are Illinois subsidiaries of WellPoint. RightCHOICE insureds who could not afford to convert to Unicare policies were compelled to seek coverage through other carriers or else do without health insurance.

The operative complaint in this case alleges that the market withdrawal and conversion scheme executed by WellPoint with respect to RightCHOICE policyholders constitutes a breach of contract, because the withdrawal and conversion violated the renewability provisions of RightCHOICE policies, which incorporated provisions of the Illinois Health Insurance Portability and Accountability Act ("HIPAA"), 215 ILCS 97/1-97/99. The complaint also alleges that the withdrawal and conversion scheme constitutes an unfair trade practice under the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), 815 ILCS 505/1-505/12.

The plaintiffs moved for certification of a class of Illinois RightCHOICE policyholders, defined as "all persons who were RightCHOICE individual or group health insurance policyholders at the time of the notice of the conversion scheme who owned health insurance policies issued by RightCHOICE, which were either (a) converted into Unicare policies, or (b) discontinued by the insurer after the merger of WellPoint and RightCHOICE." The Court determined that although Plaintiffs met the requirements of Rule 23(a) of the Federal Rules of Civil Procedure, they could not meet one of the requirements of Rule 23(b). Therefore, the

Court held, class certification was inappropriate. Plaintiffs have moved for reconsideration[1] of the Order denying class certification, contending that it rests on misconceptions which Plaintiffs undertake to correct.

**ANALYSIS**

Although the Federal Rules of Civil Procedure contain express provisions governing reconsideration of final orders and judgments, reconsideration of interlocutory decisions "is a matter of a district court's inherent power." *Koelling v. Livesay*, 239 F.R.D. 517, 519 (S.D. Ill. 2006). *See also Canon U.S.A, Inc. v. Nippon Liner Sys., Ltd.*, No. 90C 7350, 1992 WL 137406, at *1 (N.D. Ill. June 2, 1992); *Giguere v. Vulcan Materials Co.*, No. 87 C 7043, 1988 WL 107387, at *4 (N.D. Ill. Oct. 13, 1988). Such motions "serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Zurich Capital Mkts. Inc. v. Coglianese*, 383 F. Supp. 2d 1041, 1045 (N.D. Ill. 2005) (quoting *Publishers Res., Inc. v. Walker-Davis Publ'ns, Inc.*, 762 F.2d 557, 561 (7th Cir. 1985)). Reconsideration of an interlocutory order may be granted where: "the court has misunderstood a party; the court has made a decision outside the adversarial issues presented to the court by the parties; the court has made an error of apprehension (not of reasoning); a significant change in the law has occurred; or significant new facts have been discovered." *Wilson v. Cahokia Sch. Dist. # 187*, 470 F. Supp. 2d 897, 913 (S.D. Ill. 2007) (collecting cases).

Reconsideration of an interlocutory order is committed to a court's sound discretion. *See Harrisonville Tel. Co. v. Illinois Commerce Comm'n*, 472 F. Supp. 2d 1071, 1074 (S.D. Ill.

---

[1] Plaintiffs purported to bring this motion under Rule 59(e) of the Federal Rules of Civil Procedure. However, that rule applies only to final orders and judgments, not interlocutory orders, such as a denial of class certification.

2006); *IMI Norgren, Inc. v. D & D Tooling & Mfg., Inc.*, No. 00 C 5789, 2003 WL 40499, at *2 (N.D. Ill. Jan. 6, 2003); *Fisher v. National R.R. Passenger Corp.*, 152 F.R.D. 145, 149 (S.D. Ind. 1993). Further, "[m]otions for reconsideration generally are not encouraged." *Johnson v. City of Kankakee*, No. 04-2009, 2007 WL 1431874, at *1 (C.D. Ill. May 11, 2007) (quoting *Wilson*, 470 F. Supp. 2d at 913). *See also Automatic Liquid Packaging, Inc. v. Dominik*, No. 86 C 5595, 1987 WL 26149, at *1 (N.D. Ill. Dec. 2, 1987). This is because, "[i]n general, a district court's rulings 'are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure,' and 'ill-founded requests for reconsideration of matters previously decided . . . needlessly take the court's attention from current matters and visit inequity upon opponents who, prevailing in an earlier proceeding, must nevertheless defend their position again and again.'" *Harrisonville Tel. Co.*, 472 F. Supp. 2d at 1074 (quoting *Berger v. Xerox Ret. Income Guar. Plan*, 231 F. Supp. 2d 804, 820 (S.D. Ill. 2002)). *See also Asllani v. Board of Educ. of City of Chicago*, 845 F. Supp. 1209, 1226 (N.D. Ill. 1993) (noting that, as a rule, motions for reconsideration "do nothing but express dissatisfaction with a prior ruling and ask the court to change its mind").

**I.      CERTIFICATION UNDER 23(b)(2)**

Plaintiffs contend that the Court's denial of class certification under Rule 23(b)(2) was due to the Court's erroneous determination that the relief they are requesting is principally monetary damages, rather than equitable relief. Plaintiffs refer to this as an "understandable misconception" on the part of the Court. They undertake to clear up this misconception by rehashing the arguments they made in their motion for class certification. Plaintiffs's arguments as to why the Court should view the relief they request as equitable in nature were considered

4

and rejected by the Court when it made the initial determination not to certify the class. Plaintiffs do not assert that the Court misunderstood the facts, but that the Court's analysis of the facts was erroneous. This is an improper basis on which to move for reconsideration.

## II. CERTIFICATION UNDER RULE 23(b)(3)

The Court denied class certification under Rule 23(b)(3) as well. In holding that Plaintiffs could not show that common questions predominate over individual ones, the Court pointed to the probable need to inquire into the individual terms of thousands of separate insurance policies. In their motion, Plaintiffs contend that the Court is mistaken as to the facts. They contend that the Court need not look to the individual policies in order to determine if Defendants breached those policies. The Court's initial Order referred to this contention as "implausible," and "implausible" it remains. Plaintiffs have presented no new evidence or law to convince the Court that its understanding was in error.

The Court also denied Rule 23(b)(3) certification on the grounds that, as individual damage claims are for substantial sums, a class action is not a superior means of resolving the claims of the proposed class. When most of the claims are likely to be large enough to justify individual litigation, the district court may properly reject class treatment. *Murry v. GMAC Mortg. Corp.*, 434 F.3d 948, 953 (7th Cir. 2006). Here, the Court determined that the individual claims are worth tens of thousands of dollars or more. Plaintiffs have produced no evidence to convince the Court that was wrong in its initial calculation as to the amount of individual claims.

Finally, the Court found that probable ERISA preemption of state law issues vis a vis the group insurance plans in the proposed class render the suit unmanageable as a class action.

Plaintiffs's argument that ERISA does not preempt state contract claims when the contract term is founded on HIPPA is unconvincing. Plaintiff cite no new law, instead merely arguing that the Court erred in its reasoning. This is an improper basis on which to move for reconsideration.

### III.     ISSUE CERTIFICATION

Plaintiffs also contend that the Court can construct an "issue class" under Rule 23(c)(4). Plaintiffs state, "[t]he Court can certify the particular issue raised by the Plaintiffs' case: the legality as a breach of the health insurance policy and unfairness in the Illinois Consumer Fraud Act under Rule 23(c)(4) to withdraw from Illinois, while at the same time attempting to retain the RightCHOICE Illinois business for Unicare."

There are several problems with this request. First, the Court can barely make heads or tails of the above sentence. Second, Plaintiffs's Motion to Certify the Class did not ask for their suit to be maintained as a class action with respect to only certain issues and not others. Therefore, this request falls outside of a proper motion for reconsideration. Finally, it appears that the class issue that Plaintiffs want certified is whether Defendants breached Plaintiffs's insurance contracts. In order to determine whether there was a breach, the Court will have to look at thousands of individual contracts, making class certification on this issue inappropriate for the same reason that class certification of the action as a whole is inappropriate.

### IV.     "HYBRID" CERTIFICATION

Plaintiffs also point out that the Seventh Circuit has not foreclosed the possibility that a district court could "certify a class under Rule 23(b)(2) for both monetary and equitable remedies but exercise its plenary authority under Rules 23(d)(2) and 23(d)(5)to provide all class members with personal notice and opportunity to opt out, as though the class was certified under Rule

23(b)(3)." *See, In re Allstate Ins. Co.*, 400 F.3d 505, 508 (7th Cir. 2005) (quoting *Lemon v. Intern. Union Operating Eng'rs, Loc. 139*, 216 F.3d 577, 582 (7th Cir. 2000)). However, the Seventh Circuit cautioned that "such an effort to restructure Rule 23(b)(2) would be complicated and confusing. . . ." *Id.* Plaintiffs have not convinced the Court that the equities of this case require the Court to undertake a complicated and confusing restructuring of Rule 23(b)(2). As the Court explained in its order denying class certification, the substantial amount of damages being claimed by the individual Plaintiffs indicates that this action is not a "negative value suit," one where the alternative to class litigation is no litigation at all. In the case of a negative value suit, a so-called hybrid class certification might be the appropriate way to ensure justice. However, here, the Court determined that the individual claims are worth tens of thousands of dollars or more, making individual litigation a viable alternative to class litigation. Plaintiffs have presented nothing in their Motion for Reconsideration to convince the Court that a complicated and confusing restructuring of the federal rules is necessary. Accordingly, the Court will not certify a so-called hybrid class under Rule 23(b) in this case.

## CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiffs's Motion for Reconsideration (Doc. 197).


**IT IS SO ORDERED.**
**DATED: June 18, 2008**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**