UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

GREG CIMA, et al., individually and on behalf of all others similarly situated,

Plaintiffs,

v.

WELLPOINT HEALTH NETWORKS, INC., et al.,

Defendants.

Case No. 05-cv-4127-JPG

# MEMORANDUM AND ORDER

This matter comes before the Court on Plaintiffs's Motion to Substitute Jennifer Huff Wheeler and Jessica Huff for Diana Peek as Named Plaintiff (Doc. 189). Defendants have responded (Doc. 190) and Plaintiffs have replied (Doc. 196). For the following reasons, the Court GRANTS the Motion.

Diana Peek has been a named plaintiff in this action since its removal to this Court on June 28, 2005. Ms. Peek passed away on December 17, 2007. Jennifer Huff Wheeler and Jessica Huff were appointed as representatives of Ms. Peek's estate. They filed this motion to be substituted for the late Ms. Peek as plaintiffs in this purported class action which alleges statutory fraud under the Illinois Consumer Fraud Act and breach of contract.

Under the Illinois survival statute and common law, actions under the Consumer Fraud Act and actions for breach of contract survive the death of the plaintiff. In relevant part the statute reads:

> Actions which survive. In addition to the actions which survive by common law, the following also survive: actions of replevin, actions to recover damages for an injury to the person (except slander and libel), actions to recover damages for an injury to real or personal property or for the detention or conversion of personal property, actions against officers for misfeasance, malfeasance, nonfeasance of

> themselves or their deputies, actions for fraud or deceit, and actions provided in
> Section 6-21 of "An Act Relating to Alcoholic Liquors."

755 ILCS 5/27-6

Actions under the Consumer Fraud Act survive, *People ex rel. Fahner v. Testa*, 445 N.E.2d 1249, 1253 (Ill.App.Ct. 1983), as do actions based on contract, *First Nat. Bank of Danville v. Taylor*, 67 N.E.2d 306 (Ill. App. Ct. 1946). Therefore, Ms. Peek's claims in this case survive her death.

Defendants concede that Ms. Peek's individual claims survive, and that Jennifer Huff Wheeler and Jessica Huff are proper substitutes for Ms. Peek's individual claims. However, Defendants contend that the Court should deny the Motion to Substitute because Huff and Huff Wheeler are not representative of the class for which Plaintiffs sought certification. In light of the Court's denial of class certification in this case (Doc. 194), this objection is moot. Huff and Huff Wheeler are proper substitutes to advance the late Ms. Peek's claims.

The Court **GRANTS** Plaintiffs's Motion (Doc. 189) and **substitutes Jennifer Huff Wheeler and Jessica Huff for Diana Peek** as plaintiffs in this action.

**IT IS SO ORDERED.**
**DATED: September 25, 2008**

                                                   s/ J. Phil Gilbert
                                                   **J. PHIL GILBERT**
                                                   **DISTRICT JUDGE**