GREG CIMA, et al., individually and on
behalf of all others similarly situated,

Plaintiffs,

v.

WELLPOINT HEALTH NETWORKS,
INC., et al.,

Defendants.

Case No. 05-cv-4127-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on Plaintiffs's Motion to Certify Question for

Interlocutory Appeal (Doc. 211).  Defendants have responded (Doc. 213) and Plaintiffs have

replied (Doc. 214)  For the following reasons the Court DENIES Plaintiffs's Motion.

## BACKGROUND

On July 11, 2006, the Court entered an Order granting Defendants's motion to dismiss

Plaintiffs's claim brought pursuant to the Illinois Health Insurance Portability and Accountability

Act (HIPPA).  The Court determined that there is no private right of action available under the

HIPPA statute.  Prior to the removal of this case, the Illinois state court had stated, in what was

arguably dicta, that a private right of action is available under HIPPA.  This Court was unable to

determine how the state court had arrived at its conclusion, and therefore, analyzed the issue

anew.

The Court determined that, in Illinois, a private right of action is properly implied if four

factors are satisfied.  First, the plaintiff must be a member of the class for whose benefit the

statute was enacted.  Second, the plaintiff's injury must be the type of injury the statute was

enacted to prevent.  Third, a private right of action must be consistent with the underlying purpose of the statute.  Finally, implying a private right of action must be necessary to provide an adequate remedy for violations of the statute.

The Court found that Plaintiffs were unable to meet the fourth factor.  The Court determined that, viewed favorably, Plaintiffs's allegations show that the Illinois Director of Insurance made a mistake in its specific interpretation of HIPPA's provision on market withdrawal as applied to Plaintiffs's situation.  However, Plaintiffs's allegations did not show that, as a whole, the HIPPA statute would be rendered ineffectual absent an implied private right of action.  Accordingly, the Court held, HIPPA does not contain a private right of action.  In the same Order, the Court denied Defendants's motion to dismiss Plaintiffs's breach of contract and statutory fraud causes of action.  Plaintiffs did not seek to appeal the Court's determination at that time.

On March 18, 2008, the Court denied plaintiffs's Motion for class certification on the remaining causes of action, finding that, while Plaintiffs had satisfied the requirements of Rule 23(a), they could not meet the requirements of Rule 23(b).  The Court found that the relief sought by Plaintiffs was not primarily equitable in nature, making certification under Rule 23(b)(2) inapplicable.  The Court also determined that the individual factual inquiries necessary in order for the Plaintiffs to support their breach of contract and statutory fraud causes of action rendered the claims unsuitable for class determination.  The Court further noted that the interaction of some of the insurance polies in question and the Employment Retirement Income Security Act of 1974 (ERISA) called into question whether common issues of law and fact predominated.  Additionally, the intertwining of state law and ERISA made the proposed class

action unmanageable as a practical matter. Finally, the Court determined that, given the large

amount of damages sought by the individual named Plaintiffs, class certification was not the

superior means of resolving the claims of the proposed class. The Court denied Plaintiffs's

motion to reconsider the class certification issue. Plaintiffs have indicated that they will seek

interlocutory appeal from the denial of class certification.

The instant motion seeks leave file an interlocutory appeal from the Court's order

dismissing Plaintiffs's HIPPA claims. Presumably, Plaintiffs believe that the inclusion of their

HIPPA claim would have resulted in the certification of a class for that cause of action.

Defendants object that the motion is both untimely and inappropriate.

**ANALYSIS**

A district court may certify for an immediate appeal an order meeting the strictures of 28

U.S.C. § 1292(b), which provides:

> When a district judge, in making in a civil action an order not otherwise
> appealable under this section, shall be of the opinion that such order involves a
> controlling question of law as to which there is substantial ground for difference
> of opinion and that an immediate appeal from the order may materially advance
> the ultimate termination of the litigation, he shall so state in writing in such order.
> The Court of Appeals which would have jurisdiction of an appeal of such action
> may thereupon, in its discretion, permit an appeal to be taken from such order, if
> application is made to it within ten days after the entry of the order: Provided,
> however, that application for an appeal hereunder shall not stay proceedings in
> the district court unless the district judge or the Court of Appeals or a judge
> thereof shall so order.

Before a district court may certify an order for interlocutory appeal, it must find that four

statutory criteria are met. "[T]here must be a question of *law*, it must be *controlling*, it must be

*contestable*, and its resolution must promise to *speed up* the litigation." *Ahrenholz v. Board of*

*Trustees of University of Illinois*, 219 F.3d 674, 675 (7th Cir. 2000)(emphasis in original)

In addition to meeting the statutory criteria, the petition for leave to file an interlocutory appeal must meet the prudential criterion of having been filed within a reasonable time after entry of the order sought to be appealed. *Id*. at 675-76. The criteria must all be met, or an interlocutory appeal is not appropriate. *Ahrenholz*, 219 F.3d at 676. Plaintiffs's petition meets the first three statutory criteria, but neither the fourth statutory criterion nor the prudential criterion.

The question of whether Illinois HIPPA contains a private right of action is a pure question of law. An appeal presents a question of law when it raises a "question regarding the meaning of a statutory or constitutional provision, regulation or common law doctrine." *Boim v. Quranic Literacy Inst. and Holy Land Foundation for Relief and Development*, 291 F.3d 1000, 1007 (7th Cir. 2002). Here, Plaintiffs wish the court of appeals to address whether the Illinois HIPPA statute implies a private right of action. The appellate court could decide the issue without having to examine the factual record. Therefore, Plaintiff's Motion meets the first statutory criterion.

Additionally, the question of law is controlling. "A question of law may be deemed 'controlling' if its resolution is quite likely to affect the further course of the litigation, even if not certain to do so." *Sokaogon Gaming Enterprise Corp. v. Tushie-Montgomery Associates, Inc.*, 86 F.3d 656, 659 (7th Cir. 1996). Here, the resolution of the question of whether Illinois HIPPA contains a private right of action would affect the further course of the litigation by providing a right to relief not previously recognized. Therefore, the second criterion for certification is met.

Third, the question is contestable. The Illinois Supreme Court has yet to speak to the

issue of whether Illinois HIPPA creates a private right of action. In addition, the Court's Order noted that the state court hearing the case prior to its removal was of the opinion that Illinois HIPPA does create a private right of action. Although the Court did not afford that opinion law-of-the-case deference because the state court's reasoning was not apparent, the opinion is nonetheless good evidence that the legal question presented is contestable. Accordingly, the petition meets the third statutory criterion.

However, Plaintiffs cannot meet the fourth statutory criterion. The resolution of the question of whether Illinois HIPPA creates a private right of action does not promise to speed up the litigation. At best, as Plaintiffs argue in their brief, resolution of this question will not slow down litigation, because the Court of Appeals can hear both the appeal of the denial of class certification and this interlocutory appeal at the same time. However, the Court may only certify questions the resolution of which will "materially advance the ultimate termination of the litigation." The Court may not certify questions merely because their resolution will not materially delay the litigation. In addition, the Court does not believe the instant question could even meet that low hurdle. The two appeals that Plaintiffs propose to consolidate concern two completely different matters and two different standards of review. Additionally, Plaintiffs want the Court of Appeals to certify the question to the Illinois Supreme Court, a process that may very well materially delay the litigation. Accordingly, the Court finds that Plaintiffs have not met the fourth statutory criterion for the certification of an order for interlocutory appeal. Because all statutory criteria must be met before a district court my certify a question for interlocutory appeal, the Court cannot certify for interlocutory appeal the question of whether Illinois HIPPA provides a private right of action.

The Court also finds that Plaintiffs's Motion is not timely. Plaintiffs brought this Motion more than two years after entry of the Order they seek to appeal. Plaintiffs's reason for their failure to move in a more expedient manner is that, until now, an interlocutory appeal of the order would not have materially advanced the litigation. The Court agrees that an earlier motion would not have been well taken, for the same reason that the instant motion is not. But, the Court does not accept the argument that the instant motion is timely merely because Plaintiffs will be appealing another order anyway, and so may as well appeal this one at the same time.

**CONCLUSION**

In conclusion, the Court finds that the question presented by Plaintiffs is untimely and its resolution will not materially advance the litigation. As such, it is not suitable for interlocutory appeal. Therefore, the Court **DENIES** the Motion (Doc. 211).

**IT IS SO ORDERED.**
**DATED: September 29, 2008**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**