UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

GREG CIMA, et al., individually and on
behalf of all others similarly situated,

    Plaintiffs,

    v.

WELLPOINT HEALTH NETWORKS,
INC., et al.,

    Defendants.

Case No. 05-cv-4127-JPG

## **MEMORANDUM AND ORDER**

This matter comes before the Court on Plaintiffs's Motion for Reconsideration of the Court's Order Denying Plaintiffs's Motion to Certify Question for Interlocutory Appeal (Doc. 225). Defendants have responded (Doc. 227). For the following reasons, the Court DENIES the motion.

### **BACKGROUND**

On July 11, 2006, the Court entered an Order granting Defendants's motion to dismiss Plaintiffs's claim brought pursuant to the Illinois Health Insurance Portability and Accountability Act (HIPAA). The Court determined that there is no private right of action available under the HIPAA statute. Plaintiffs then filed a motion seeking leave to file an interlocutory appeal from the Court's order dismissing Plaintiffs's HIPAA claims. The Court denied the motion because it was not timely and because resolution of the question would not materially advance the litigation. Plaintiffs now move this Court to reconsider its Order, contending that the Court was incorrect in its determination that allowing an interlocutory appeal would not speed up the resolution of this litigation.

## ANALYSIS

Although the Federal Rules of Civil Procedure contain express provisions governing reconsideration of final orders and judgments, reconsideration of interlocutory decisions "is a matter of a district court's inherent power." *Koelling v. Livesay*, 239 F.R.D. 517, 519 (S.D. Ill. 2006). *See also Canon U.S.A, Inc. v. Nippon Liner Sys., Ltd.*, No. 90C 7350, 1992 WL 137406, at *1 (N.D. Ill. June 2, 1992); *Giguere v. Vulcan Materials Co.*, No. 87 C 7043, 1988 WL 107387, at *4 (N.D. Ill. Oct. 13, 1988). Such motions "serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Zurich Capital Mkts. Inc. v. Coglianese*, 383 F. Supp. 2d 1041, 1045 (N.D. Ill. 2005) (quoting *Publishers Res., Inc. v. Walker-Davis Publ'ns, Inc.*, 762 F.2d 557, 561 (7th Cir. 1985)). Reconsideration of an interlocutory order may be granted where: "the court has misunderstood a party; the court has made a decision outside the adversarial issues presented to the court by the parties; the court has made an error of apprehension (not of reasoning); a significant change in the law has occurred; or significant new facts have been discovered." *Wilson v. Cahokia Sch. Dist. # 187*, 470 F. Supp. 2d 897, 913 (S.D. Ill. 2007) (collecting cases).

Reconsideration of an interlocutory order is committed to a court's sound discretion. *See Harrisonville Tel. Co. v. Illinois Commerce Comm'n*, 472 F. Supp. 2d 1071, 1074 (S.D. Ill. 2006); *IMI Norgren, Inc. v. D & D Tooling & Mfg., Inc.*, No. 00 C 5789, 2003 WL 40499, at *2 (N.D. Ill. Jan. 6, 2003); *Fisher v. National R.R. Passenger Corp.*, 152 F.R.D. 145, 149 (S.D. Ind. 1993). Further, "[m]otions for reconsideration generally are not encouraged." *Johnson v. City of Kankakee*, No. 04-2009, 2007 WL 1431874, at *1 (C.D. Ill. May 11, 2007) (quoting *Wilson*, 470 F. Supp. 2d at 913). *See also Automatic Liquid Packaging, Inc. v. Dominik*, No. 86

C 5595, 1987 WL 26149, at *1 (N.D. Ill. Dec. 2, 1987). This is because, "[i]n general, a district court's rulings 'are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure,' and 'ill-founded requests for reconsideration of matters previously decided . . . needlessly take the court's attention from current matters and visit inequity upon opponents who, prevailing in an earlier proceeding, must nevertheless defend their position again and again.'" *Harrisonville Tel. Co.*, 472 F. Supp. 2d at 1074 (quoting *Berger v. Xerox Ret. Income Guar. Plan*, 231 F. Supp. 2d 804, 820 (S.D. Ill. 2002)). *See also Asllani v. Board of Educ. of City of Chicago*, 845 F. Supp. 1209, 1226 (N.D. Ill. 1993) (noting that, as a rule, motions for reconsideration "do nothing but express dissatisfaction with a prior ruling and ask the court to change its mind").

Here, Plaintiffs merely rehash arguments previously rejected by the Court. The instant motion does nothing but express dissatisfaction with the Court's prior ruling and asks the Court to change its mind. As such, Plaintiffs have not provided any proper grounds for reconsideration. The Court, therefore, denies the instant motion.

## CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiffs's Motion for Reconsideration (Doc. 225).

**IT IS SO ORDERED.**
**DATED: October 30, 2008**

                                                       s/ J. Phil Gilbert
                                                      **J. PHIL GILBERT**
                                                      **DISTRICT JUDGE**