UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GREG CIMA, DIANA PEEK, LINDA MCMAHON, MIKE BEARD, SHARON BEARD, JOHN BECKWITH, JR., STEPHEN JELLEN, JENNIFER HUFF WHEELER, and JESSICA HUFF,<br><br>   Plaintiffs,<br><br>   v.<br><br>WELLPOINT HEALTH NETWORKS, INC., UNICARE NATIONAL SERVICES, INC., UNICARE ILLINOIS SERVICES, INC., UNICARE HEALTH INSURANCE COMPANY OF THE MIDWEST, RIGHTCHOICE MANAGED CARE, INC., and RIGHTCHOICE INSURANCE COMPANY,<br><br>   Defendants. | Case No. 05-cv-4127-JPG |

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendants' Motion to Enjoin (Doc. 257). Specifically, in light of the Court's denial of class certification on March 18, 2008, (*see* Doc. 194), Defendants seek an injunction that would prevent plaintiffs in *Phillips v. WellPoint, Inc., et al.*, Case No. 10-cv-357-JPG (S.D. Ill. May 12, 2010) (hereinafter "*Phillips*") and all members of the putative class in this action from again seeking class certification of Illinois RightCHOICE insureds.  Plaintiffs filed a Memorandum (Doc. 260) in opposition to Defendants' motion, to which Defendants filed a Reply.  Plaintiffs also filed a Motion for Hearing (Doc. 262) on the issues presented by the instant motion.

The Clerk of Court entered Judgment (Doc. 256) in this case on August 27, 2009, whereby this matter was dismissed with prejudice.  This posture raises the preliminary issue of

whether the Court even has jurisdiction to grant the relief sought by Defendants.  As a basis of such jurisdiction, Defendants point to the All Writs Act, 28 U.S.C. §1651.[1]

The All Writs Act states that "[t]he Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."  28 U.S.C. § 1651(a) (2006).  As perhaps best evidenced by its broad language, "the All Writs Act is meant to be used only in the *exceptional* case where there is clear abuse of discretion or [certain] 'usurpation of judicial power.'" *Bankers Life & Cas. Co. v. Holland*, 346 U.S. 379, 383 (1953) (emphasis added).  This general principle that underscores the Act applies with particular force to the injunction context.  *See, e.g., Moy v. United States*, 906 F.2d 467, 470 (9th Cir. 1990) ("Since an injunction preventing the relitigation of claims restricts an individual's access to the court system, it is an *extraordinary* remedy that should be narrowly tailored and *rarely used*.") (emphasis added); *Matter of Packer Assocs.*, 884 F.2d 745, 745 (3d Cir. 1989) ("[I]njunctions [pursuant to the All Writs Act] are *extreme* remedies and should be narrowly tailored and *sparingly used*.") (emphasis added); *G & T Terminal Packaging Co., Inc. v. Consol. Rail Corp.*, 719 F. Supp. 153, 161 (S.D.N.Y. 1989) (same).

Having fully reviewed the briefing of the instant motion as well as the relevant law, the Court is satisfied that potential re-litigation of class certification in *Phillips* does not justify invocation of the All Writs Act here, and Defendants have not cited any extraordinary

---

[1] While Defendants also point to the Anti-Injunction Act, 28 U.S.C. § 2283, as a basis of jurisdiction, said act would only be available if *Phillips* were remanded.  28 U.S.C. § 2283 (2006) ("A court of the United States may not grant an injunction to stay proceedings in a *State court* except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.") (emphasis added).

circumstances that dictate otherwise.  The fact that this Court has been assigned *Phillips* negates the policies underlying the Act, especially since this Court saw this case through from removal to final judgment and is well-aware of the findings and conclusions made as to class certification. Moreover, the Court is unaware of any cases besides *Phillips* that have been filed and will be seeking class certification of Illinois RightCHOICE insureds.  If the plaintiffs in *Phillips* move for class certification, the Court invites Defendants to raise collateral estoppel and issue preclusion in their response brief.  *See Harrelson v. United States*, 613 F.2d 114, 116 (5th Cir. 1980) ("[O]rders [under the All Writs Act] are generally unnecssary, as res judicata and collateral estoppel are usually more than adequate to protect defendants against repetitious litigation.").

For the foregoing reasons, the Court **DENIES** the instant motion.  Further, the Court **DENIES as moot** Plaintiffs' Motion for Hearing (Doc. 262).

**IT IS SO ORDERED.**
**DATED: June 23, 2010**

s/ J. Phil Gilbert<br>**J. PHIL GILBERT**<br>**DISTRICT JUDGE**